**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 05-22916-CIV-JORDAN/TORRES

NEW WORLD NETWORK LTD.,

        Plaintiff,

vs.

M/V NORWEGIAN SEA, (now M/V SUPERSTAR LIBRA), in rem, and NORWEGIAN CRUISE LINES LIMITED, NORWEGIAN CRUISE LINES INC., and NCL (Bahamas) LTD. in personam,

        Defendants.
_____/

**ORDER ON DEFENDANTS' MOTIONS**
**FOR PROTECTIVE ORDERS FROM DISCOVERY REQUESTS**

This matter is before the Court upon two motions for protective order filed by Defendants in response to Plaintiff's deposition and production requests: Defendants' Motion for Protective Order on Plaintiff's Second Amended Notice of Taking Corporate Representative Deposition [D.E. 89], and Defendants' for Protective Order on Plaintiff's Second Request for Production [D.E. 92]. Upon review of the motions and Plaintiff's responses, these matters are ripe for disposition.

### *I.  INTRODUCTION*

Rather than stating their objections to various discovery requests, Defendants filed extensive motions and memoranda seeking immediate court intervention from "burdensome" or "irrelevant" discovery requests. Needless to say, if every federal litigant followed this approach the federal court system would grind to a halt, awash in countless

protective order motions from every litigant in complex litigation aggrieved from "overbroad" or "duplicative" requests.

The Court's Rules, however, provide for a mechanism for parties to respond to alleged improper requests and force the requesting party to seek court intervention, only after exhausting all efforts to negotiate disputes among the parties and only after considering which particular discovery requests are so important that court intervention is required. *See* Fed. R. Civ. P. 37. That is the mechanism that should be followed here. Defendants' pending motions, in part, would have the Court adopt a different procedure in this case. The Court will not do so; therefore, the pending motions will be for the most part Denied.

## II.  ANALYSIS

Rule 26(c)(1) allows for a protective order precluding any type of discovery "for good cause shown." The party requesting a protective order must make a specific demonstration of facts in support of the request, rather than conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. *E.g., In re PE Corp. Sec. Litig.,* 221 F.R.D. 20, 26 (D. Conn. 2003); *Brittain v. Stroh Brewery Co.,* 136 F.R.D. 408, 412 (M.D.N.C. 1991); *see also Gulf Oil v. Bernard,* 452 U.S. 89, 102 n.16 (1981). A court must balance the competing factors involved in determining whether good cause has been shown. *See Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985); *Dow Chemical Co. v. Allen,* 672 F.2d 1262, 1277-78 (7th Cir. 1982).

If a sufficient showing of good cause is made, the burden then shifts to the non-moving party to show why relief should still not be granted, either because of undue prejudice or the importance of the discovery at issue. *E.g., Wiggins v. Burge,* 173 F.R.D.

226, 229 (N.D. Ill. 1997) ("In deciding whether good cause exists, the district court must balance interests involved: the harm to the party seeking the protective order and the importance of the disclosure"); *Cummings v. General Motors Corp.,* 353 F.3d 944, 954 (10th Cir. 2004) (it is not enough that the discovery be burdensome; that burden must be "undue"); *Doe v. District of Columbia,* 230 F.R.D. 47, 50 (D.D.C. 2005).

### A.  *Corporate Representative Deposition*

This motion relies on several bases to grant a protective order from Plaintiff's 30(b)(6) notice of deposition that scheduled a February 22, 2007 deposition. Although Plaintiff had earlier served an original version of the notice, Defendant complains that only eight days prior to the deposition Plaintiff expanded the scope of the deposition to add seven new subject matters to which Defendant had not previously been made aware. Additionally, the notice included an extensive document request that required production at the time of the deposition, which was contrary to the requirements of Rule 34 that provides a party 30 days within which to answer, not eight days. Under Rule 30(b)(5), a notice of a party deposition may include a document request but only if the procedures provided in Rule 34 are satisfied.

Although Plaintiff argues that the alleged inadequate notice argument is inconsequential because Defendant did not properly raised that issue with counsel in advance, and because Defendant was well aware long before receiving the second notice that Plaintiff intended to take a deposition on a variety of related matters, technically Defendant is correct that the eight day notice would not normally be sufficient, especially with regard to the production requests. The Court will, therefore, grant the motion for protective order on these grounds and order Plaintiff to properly and timely notice the deposition for another date. If documents are requested, to the extent all responsive

documents in this case have not already been produced, a thirty day period must be provided as per Rule 34.

With regard to the substantive arguments raised in the motion, Defendant has raised a whole host of specific objections to the 27 subject matters identified in the notice, including for example with the use of the phrase "all matters related to" a particular top. Defendant argues that this broadening language improperly exceeds the proper scope of a Rule 30(b)(6) notice that is supposed to be more specific and particularized. Additionally, Defendant argues on a point-by-point basis why specific topics included in the notice go to irrelevant issues in this case or require an undue burden on Defendant's representative in preparing for the deposition.

Upon receiving a deposition notice that describes "with reasonable particularity the matters on which examination is requested[, an] organization . . . shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify." Rule 30(b)(6); *see Alexander v. Federal Bur. of Investigation,* 186 F.R.D. 137, 141 (D.D.C. 1998) ("[T]he designating party is under the duty to designate more than one deponent if it would be necessary to do so in order to respond to the relevant areas of inquiry that are specified with reasonable particularity.").

Significantly, "[n]ormally the process [associated with depositions under Rule 30(b)(6)] operates extrajudicially." *McKesson Corp. v. Islamic Republic of Iran,* 185 F.R.D. 70, 79 (D.D.C. 1999). Good cause exists to intervene only when there has been a compelling and sufficient demonstration that the procedures specified in the Rule have not been or cannot be followed. *See id.* at 81.

Indeed, this point is clearly well established in this District. *See King v. Pratt & Whitney,* 161 F.R.D. 475 (S.D. Fla. 1995). As Judge Gonzalez explained,

> Rule 30(b)(6) should not be read to confer some special privilege on a corporate deponent responding to this type of notice. Clearly, Plaintiff could simply re-notice a deponent under the regular notice provisions and ask him the same questions that were objected to. However, Plaintiff should not be forced to jump through that extra hoop absent some compelling reason. Rather, the Rule is best read as follows:
>
> 1) Rule 30(b)(6) obligates the responding corporation to provide a witness who can answer questions regarding the subject matter listed in the notice.
>
> 2) If the designated deponent cannot answer those questions, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions, etc. The corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are "known or reasonably available" to the corporation. Rule 30(b)(6) delineates this affirmative duty.
>
> 3) If the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern (i.e. Fed.R.Civ.P. 26(b)(1)), so that relevant questions may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6).
>
> 4) However, if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem.
>
> This interpretation does not render the "describe with reasonable particularity" language "superfluous"; rather, it imposes an obligation on a corporation to provide someone who can indeed answer the particular questions presaged by the notice. Rule 30(b)(6) does not limit what can be asked at deposition. Since there is no specific limitation of what can be asked at deposition, the general deposition standards govern. The reason for adopting Rule 30(b)(6) was not to provide greater notice or protections to corporate deponents, but rather to have the right person present at deposition. The

> Rule is not one of limitation but rather of specification within the broad parameters of the discovery rules.

*Id.* at 476.

The specific issue in *King* was whether a corporate deponent could preclude the questioning at a deposition to only those items specified in the notice. This Court disagreed with that restrictive interpretation of the Rule and held that Rule 30(b)(6) was intended to only give notice of specific topics that the corporation had to be prepared to discuss, but importantly any relevant question could be asked of the deponent.

Here, the principle that follows from *King* is that a deposition notice that is overbroad carries with it the same danger – that the witness will not be able to answer all the questions asked. If a corporate deponent must answer any question asked at a deposition, whether noticed in advance or not, as long as it is relevant to the claims or defenses in the case, then the opposite is true and the deponent is not obligated to know the answer to questions that are grossly irrelevant or outside the parameters of discoverable information under Rule 26.

In either respect, however, the Rule is intended to be self-executing and must operate extrajudicially. Although there is some authority for the proposition that a 30(b)(6) notice should be stricken in part based upon the specific topics included in the notice, the proper operation of the Rule does not require, and indeed does not justify, a process of objection and Court intervention prior to the schedule deposition. That would provide a corporate deponent a procedural benefit that no other deponent has. As Judge Gonzalez found, there is nothing in Rule 30(b)(6) that was intended as a special corporate privilege or immunity in responding to questions at a deposition. The same is

true with respect to a special corporate opportunity to challenge the topics that may be raised at a deposition.

Instead, the better procedure to follow for the proper operation of the Rule is for a corporate deponent to object to the designation topics that are believed to be improper and give notice to the requesting party of those objections, so that they can either be resolved in advance or otherwise.  The requesting party has the obligation to reconsider its position, narrow the scope of the topic, or otherwise stand on its position and seek to compel additional answers if necessary, *following the deposition.*  The reason that is a better procedure is that the deponent's answers to relevant questions at the deposition will have a great deal of impact upon the strength of the arguments in support of or against a motion to compel.  The answers provided will give the Court a factual record with which to judge whether a particular topic or question asked should be compelled or not.  And that forces a responding party to ensure that the witness provides as much relevant or possibly relevant information as possible given the liberal scope of discovery provided by Rule 26 to forestall the necessity for a motion to compel.

This procedure of course does not mean that a party can simply instruct a witness not to answer questions that the party's lawyer unilaterally deems irrelevant. The Court's Local Rules squarely preclude this tactic that was mastered by deposition bullies masquerading as members of the bar.  The Court's Local Rules have had the beneficial and intended effect of minimizing this problem.  A corporate representative must answer any question posed at the deposition, whether deemed irrelevant or not.  But if the witness is not prepared to answer a slew of questions that are glaringly irrelevant to the claims or defenses in the case, a requesting party who seeks to compel or sanction a deponent for not knowing such answers will not be successful before the Court, and

indeed may himself be sanctioned under Rule 37 if the Court finds that the questions were so improper and the party's position substantial unjustified.

This case illustrates why this procedure is the most appropriate to follow in response to a Rule 30(b)(6) deposition. There are certain issues and topics cited in the notice that certainly appear to be asking questions far beyond what should be necessary given the relatively straightforward nature of this case. On the other hand, other topics that are challenged are not so clear; the record before the Court would not allow an intelligent ruling as to the proper scope of the answers that should be provided. Indeed, the motion attaches no affidavits or sworn record evidence, and relies instead primarily on the lawyer's arguments for why a topic as drafted is too broad. That is a procedure that Rules 33 and 34 contemplate *after* all responsive answers are provided with appropriate objections. Rule 30, however, does not contemplate such a procedure, nor should it because a corporate deposition is not intended to be fundamentally different from any other witness or party deposition.

Take, for example, Defendant's challenge to the use of the phrase "all matters related to" a given topic. Does Defendant really believe that the drafters of the Rule intended for Court intervention in advance of a corporate representative deposition for such an issue? Should judicial resources, scare as they are, be used to review such matters in advance of a deposition that is supposed to operate "extrajudicially"? Clearly not. Yet, so much time and effort has already been expended by the parties as to this and other similar issues simply because the Plaintiff chose to use such language in its notice. The Court rejects this interpretation of the Rule.

Given the breadth of the language that is used in this notice, which clearly appears to go beyond what is necessary or permitted, Defendant should be prepared to

provide a witness that has knowledge of any relevant issue in this case to either the claim or defenses raised. To the extent Plaintiff intends to enforce its notice and argue that the witness did not know an answer to a series of questions asked, Plaintiff will have to be prepared to show that those questions are indeed relevant or could lead to discovery of admissible evidence. The burden in that case will be on the Plaintiff, not on Defendant. That understanding is sufficient in this instance at protecting the Defendant's rights from undue prejudice or burden. The pending motion, however, does not satisfy the Defendant's burden here of showing good cause why a protective order is necessary. The motion will otherwise be Denied.

      B.      ***Production Requests***

The Defendant's second motion also takes a similar approach with respect to Rule 34 document requests. The motion seeks a protective order in response to the Second Request for Production of documents because so many of the requests are irrelevant, overbroad, duplicative of other discovery already provided, and should not have to be answered. The Court has reviewed the motion and the response to the pending motion. After reviewing the arguments raised and the record provided, the Court does not find that this Defendant is entitled to a blanket protective order that should shield it from ever responding to the specific requests included in the Second Request.

Indeed, Defendant may be right to object to some of the requests included in the Second Request. But that is what Rule 34 requires – specific responses and objections. This Defendant has not shown that it is entitled to any different treatment or is so burdened here by following this process that it should be absolved of the obligation of complying with Rule 34. Indeed, the motion could be translated fairly easily into a

response to the specific requests. The Court is frankly confused as to why that traditional approach was not simply followed.

Perhaps, of course, the denial of this protective order will only delay a ruling that will be necessary in response to a motion to compel. The Court acknowledges that fact. But that is better than entering an Order that somehow gives a green light to parties moving for protective order rather than simply responding to a document request. This is not a case where Defendant has already answered ten requests for production, and throws up his hands upon receipt of the eleventh request. Perhaps that is a situation where a protective order may be more appropriate. A second request is hardly, however, the type of burden that would justify that treatment. And upon review of the issues raised in the motion, the Court sees no reason why they should not be raised in the appropriate manner.

Apparently the parties are discussing the issues raised at the present time, and that is why a reply has not yet been filed. That process should of course continue because it will still be relevant based upon the objections that will be raised to the requests for production. And that will be required before Plaintiff chooses to file a motion to compel, which should be filed only if absolutely necessary. If, for example, relevant documents have already been produced and relevant discovery already provided, Plaintiff should not be asking for the same information repeatedly through another document request. On the other hand, Plaintiff is entitled to a clear representation from Defendant that all responsive documents with regard to a given issue have been produced. That is a right a party has under Rule 34. The pending Motion should not be a proper substitute for such a clear representation in a Rule 34 response.

Therefore, on the record provided Defendant has failed to show good cause why this case warrants a blanket protective order that relieves Defendant of the Rule's requirements to prepare a response with necessary objections and produce all responsive documents. The Court's Order is without prejudice to the substantive issues being raised again in connection with a motion to compel, which should be filed only if absolutely necessary. If a motion to compel is filed, both parties are now on notice that the Court will strictly enforce the requirements of Rule 37(a)(4) (requiring order for expenses against party whose position was not substantially justified). The Court does not always strictly enforce this provision; it clearly must do so in this case.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion for Protective Order on Second Amended Notice of Taking [Corporate Representative] Deposition [D.E. 89] is **GRANTED IN PART AND DENIED IN PART**.

2. Defendant's Motion for Protective Order on Plaintiff's Second Request for Production [D.E. 92] is **DENIED**.

3. Defendant's Agreed Motion for Second Enlargement of Time to File Reply [D.E. 109] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of April, 2007.

EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Adalberto Jordan
All Counsel of Record